**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES, | § | |
| | § | |
| | § | Cr. No. C-07-437 (1) |
| v. | § | |
| | § | |
| DAVID RAMON. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO CORRECT PRESENTENCE INVESTIGATION REPORT**

David Ramon ("Ramon") was charged in a four-count indictment with various drug-related offenses. He pleaded guilty to Count Four, which charged him and his co-defendant (his father) with possession with intent to distribute approximately 870.01 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. (D.E. 1, 32, 33.) On February 7, 2008, the Court sentenced him to 60 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term, and also imposed a $100 special assessment. (D.E. 45, 46.) Judgment was signed by the Court on February 8, 2008, and entered against Ramon on February 12, 2008. (D.E. 46.) He did not appeal.

On December 8, 2008, the Clerk received from Ramon a "Motion to Correct," addressed herein, which was filed under seal. As an initial matter, it is unclear to the Court why the motion was filed under seal. Although it contains a limited reference to a portion of Ramon's Presentence Investigation Report ("PSR"), it does not refer to any information

1

that must be filed under seal. Accordingly, the Clerk is directed to unseal Ramon's motion, docket entry 62.

As to the relief requested by Ramon, his motion is DENIED. Ramon claims that there are two "significant errors" in his PSR. First, he argues that neither it nor his judgment contains the recommendation allegedly made by the Court that he be placed in a Residential Drug Abuse Program ("RDAP") within the Bureau of Prisons. Second, Ramon contends that the PSR contains an inaccurate summary as to his drug use history. He claims that he reported he was a daily user of marijuana at least five times a day, ***not*** five times per year as allegedly reported in the PSR.[1] Apparently, the BOP is refusing his request for placement in RDAP, a program that Ramon argues he needs. He asks that the Court correct both the PSR to reflect the "accurate" version of his drug history and that it correct its judgment to include a recommendation (or order) that he be placed in RDAP.

There is no merit in Ramon's contentions. Ramon did not object to the PSR's characterization of his drug use history, either in written objections or at sentencing. Moreover, a review of the sentencing minutes and the digital recording of the sentencing hearing reflect that there is no correction required for either document. Most significantly, the Court did not recommend the defendant for the RDAP program. Because of this, no

---

[1] The PSR in fact states that Ramon reported he had first smoked marijuana at the age of 18 and had smoked it five times total, the last time being in May 2007. He reported no other drug use. (PSR at ¶ 30.)

2

"correction" is necessary. Additionally, upon reviewing Ramon's PSR, the Court continues to believe that the lack of any such recommendation was proper.

For these reasons, Ramon's motion to correct (D.E. 62) is DENIED.

## **CONCLUSION**

For the foregoing reasons, the Clerk is directed to unseal Ramon's motion to correct (D.E. 62) and that motion is DENIED.

It is so ORDERED this 5th day of January, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE